

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 23, 2019

**BY ECF**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Malamin Jagana*, 18 Cr. 676 (JSR)

Dear Judge Rakoff:

      The Government respectfully submits this letter to reply briefly to the sentencing submission submitted by the Malamin Jagana on July 22, 2019.  (Dkt. 81.)

### A.  Objections to the Pre-Sentence Report

      In the defendant's submission, he makes three objections to the PSR.  As a threshold matter, the defendant's objections to the PSR are not timely, *see* Fed. R. Crim. P. 32(f)(1) (requiring written objections within fourteen days of receipt), and the Court may, in its discretion, deem the defendant to have forfeited any objection by failing to file on time or to show good cause for late filing, *see United State v. Young*, 140 F.3d 453, 457 (2d Cir. 1998).  Nonetheless, the Government will respond to the substance of each of Jagana's objections.

      First, the defendant objects to paragraph 25 of the PSR, which states that, on January 19, 2015, Jagana traveled to Geneva, Switzerland using his U.S. passport, and on January 28, 2015, a foreign national used Jagana's U.S. passport to attempt to board a flight from Geneva, Switzerland to the United States.  Jagana asserts that this paragraph of the PSR references "uncharged and unproven" conduct.  To the contrary, trial testimony established that in January 2015, Jagana reported that he lost his U.S. passport on a train from Geneva, Switzerland to Munich, Germany, and subsequent investigation of that claim revealed that "somebody did attempt to use the defendant's passport to board a flight to the United States, somebody that was not the defendant." (Trial Tr. 332:2-15, 333:16-23.)

      Second, Jagana objects to language in the PSR that the U.S. government issued passports under false pretenses that were used to unlawfully bring aliens into the country "thereby posing a significant risk to U.S. national security."  It is axiomatic that the presence in the United States of

Hon. Jed S. Rakoff                                                                                          Page 2
July 23, 2019

individuals who are not authorized to be in the country and whose identities not known to the Government presents a risk to national security.

Finally, in the PSR's Guidelines calculation, Jagana objects to the assessment of four points pursuant to U.S.S.G. § 3B1.1(a) for his role as an "organizer or leader" of the conspiracy. "Whether we consider defendant a leader depends upon the degree of discretion exercised by him, the nature and degree of his participation in planning or organizing the offense, and the degree of control and authority exercised over the other members of the conspiracy." *United States v. Paccione*, 202 F.3d 622, 624 (2d Cir. 2000). Evidence at trial established that Jagana was the common link to a vast network of co-conspirators in the passport photo-switch scheme. Indeed, unlike others who only submitted a fraudulent application or diverted their U.S. passports for use by others, Jagana was the only person who was linked to multiple fraudulent passport applications through the use of his mailing address or phone number on the application; physical presence when the fraudulent application was submitted; photographs with passport applicants and imposters; and items found in his luggage. When the fraudulent Binta Touray passport issued with Jabou Conteh's photograph, it was Jagana—not anyone else—who personally traveled to Africa to deliver the passport and to accompany Ms. Conteh to the United States. Shortly after escorting Ms. Conteh to the U.S., a Facebook message from another co-conspirator, Mohammad Lamin Jagana, to Jagana makes clear that Jagana is the person to contact about the scheme: "I heard that your last guy have succeeded . . . hope you working on us too . . . everything is ready with us here, we just waiting for you." (Trial Tr. 287: 4-11.) Finally, the evidence on Jagana's phone—consisting of passport photographs, identity documents, and side-by-side comparison photos of an individual with a passport—indicates his central role in organizing the scheme. Ample evidence indicates that the defendant facilitated the passport photo switch scheme in a way that no other co-conspirator did by accompanying U.S. citizens to submit fraudulent applications, personally matching prospective Gambians to U.S. passport holders, and routinely providing his contact information on passport applications. Evaluated together, the evidence indicates that Jagana exercised a very high degree of discretion and greater participation in planning the conspiracy than any other co-conspirator, and the four-point enhancement for an "organizer or leader" under U.S.S.G. § 3B1.1 should apply.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____
Emily A. Johnson
Kiersten A. Fletcher
Assistant United States Attorneys
(212) 637-2409/2238

cc:    Peter E. Brill (by ECF)